UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| BUC-EE'S, LTD., | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 6:25-cv-00944 |
| | § | |
| PROMETHEUS ESOTERICA, INC., | § | |
| | § | |
| | § | |
| | § | |
| Defendant. | § | |

## JOINT MOTION FOR ENTRY OF CONSENT JUDGMENT

Plaintiff Buc-ee's, Ltd. ("Plaintiff") and Defendant Prometheus Esoterica, Inc. ("Defendant") respectfully request that the Court enter the Consent Judgment attached hereto as Exhibit A. The Parties have agreed to resolve their dispute, which includes entry of the attached Consent Judgment. The Consent Judgment has been approved by all parties and their attorneys.

WHEREFORE, the parties respectfully move for entry of the Consent Judgment.

Respectfully submitted,

Dated: June 25, 2026.

### Certification Under Penalty of Perjury That
### Artificial Intelligence Was Not Used in the Preparation of This Filing

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. After diligent inquiry and under penalty of perjury, I certify that artificial intelligence was not utilized in the preparation of this filing in any way. I understand that, whether I represent myself or I am an attorney representing a client, I have an affirmative obligation to read each case cited in this filing. If I fail to do so and a case upon which I rely does not exist or does not reasonably stand for the cited proposition, I understand

that the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unrepresented parties, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

<div style="display:flex; justify-content:space-between;">

**_s/Joshua R. Brown_**
Joshua R. Brown, BCS
Florida Bar No. 826391
brownjr@gtlaw.com
GREENBERG TRAURIG, P.A.
450 S. Orange Avenue, Suite 650
Orlando, Florida 32801
Telephone No. (407) 420-1000
Alexandra H. Bistline (*pro hac vice*)
Jered E. Matthysse (*pro hac vice*)
Taylor Luke (*pro hac vice*)
PIRKEY BARBER PLLC
1801 East 6th Street, Suite 300
Austin, TX 78702
Telephone No. (512) 322-5200
*Attorneys for Plaintiff*

**_/s/John Y. Benford_**
John Y. Benford, Esquire
Florida Bar No. 51950
John.Benford@wilsonelser.com
Alyssa.Heitman@wilsonelser.com
Wilson Elser Moskowitz
Edelman & Dicker LLP
111 N. Orange Avenue, Suite 1200
Orlando, FL 32801
407-203-7599 – Phone
407-648-1376 – Facsimile
*Attorneys for Defendant*

</div>

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| BUC-EE'S, LTD., | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:25-cv-00944 |
| | § | |
| PROMETHEUS ESOTERICA, INC., | § | |
| | § | |
| | § | |
| Defendant. | § | |

## CONSENT JUDGMENT AND PERMANENT INJUNCTION

The Court has considered the Joint Motion for Entry of Consent Judgment and Permanent Injunction filed by Plaintiff Buc-ee's, Ltd. ("Plaintiff") and Defendant Prometheus Esoterica, Inc. ("Defendant"), and finds that it should be GRANTED.

Final Judgment in favor of Plaintiff and against Defendant is hereby entered as follows:

**IT IS STIPULATED, ORDERED, ADJUDGED, AND DECREED:**

1.      This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and Chapter 85 of the Judiciary and Judicial Procedure Code, 28 U.S.C. §§ 1331 and 1338, and has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

2.      Defendant has had the full opportunity to confer with counsel about this dispute and the terms of this Final Judgment and is entering into this Judgment without relying on any statements or representations by Plaintiff or its attorneys.

3.      Plaintiff and Defendant stipulate that the facts set forth below in paragraphs

ACTIVE 725514155v2

4 through 19 are undisputed.

4.      Plaintiff owns and operates a chain of stores and travel centers under the mark BUC-EE'S. For over four decades, Plaintiff has offered high quality convenience-store, gas-station, and related services to the public through its Buc-ee's stores.

5.      Plaintiff offers a wide variety of merchandise, including t-shirts, sweatshirts, hats, mugs, stickers, decals, and more, to the public.

6.      In connection with these goods and services, Plaintiff has long and continuously used in commerce the mark BUC-EE'S (in word and design form) and the distinctive beaver logo shown below (the "Beaver Logo"). The mark BUC-EE'S and the Beaver Logo are referred to collectively herein as the "BUC-EE'S Marks."

 

7.      Plaintiff's Beaver Logo has become synonymous with the Buc-ee's brand. A segment about Buc-ee's that aired on CBS News' nationally syndicated Sunday Morning program compared the Beaver Logo's renown to Mickey Mouse, observing: "Perhaps not since Mickey Mouse has a cartoon rodent captured the hearts . . . of so many."

8.      Buc-ee's has become a household name due to Plaintiff's long use and promotion of the BUC-EE'S Marks. Plaintiff has grown its business from a single convenience store in Lake Jackson, Texas to more than 50 stores across Florida, Texas, Missouri, Alabama, Georgia, South Carolina, Tennessee, Kentucky, and Colorado. Additional stores are under construction, including in Arizona, Arkansas, Ohio,

Mississippi, and Virginia.

9.     The BUC-EE'S Marks are inherently distinctive and serve to identify and indicate the source of Plaintiff's products and services to the consuming public.

10.     The BUC-EE'S Marks have become distinctive in the marketplace to designate Plaintiff, to distinguish Plaintiff and its offerings from those of others, and to distinguish the source or origin of Plaintiff's offerings. The consuming public in Florida and elsewhere in the United States widely recognizes and associates the BUC-EE'S Marks with Plaintiff.

11.     As a result of Plaintiff's long use and promotion of the BUC-EE'S Marks, Plaintiff has acquired valuable common law rights in the marks.

12.     In addition to its extensive common law rights, Plaintiff owns numerous federal trademark registrations for its BUC-EE'S Marks, including those shown in Table A, many of which are now incontestable pursuant to 15 U.S.C. § 1065.

### Table A

| U.S. Reg. / U.S. Ser. No. | Trademark |
| --- | --- |
| 3,763,277 | BUC-EE'S |
| 4,007,063 | BUC-EE'S |
| 6,421,534 | BUC-EE'S |
| 4,316,457 | |
| 3,246,893 | |
| 4,007,064 | |
| 4,316,461 | |

| 6,421,518 |  |
|---|---|

13.    Defendant operates an "Oddities Shop" and "Gothic Boutique" selling macabre merchandise and apparel.

14.    Defendant sold merchandise, including t-shirts and decals, featuring Plaintiff's well-known Beaver Logo. Defendant sold its infringing products, examples of which are shown below, online and in its store in Orlando.

  

15.    Defendant had prior knowledge of Plaintiff's BUC-EE'S Marks before using Plaintiff's Beaver Logo on the infringing merchandise.

16.    Defendant intentionally copied the Beaver Logo to simulate Plaintiff's well-known brand and exploit the public goodwill associated with the BUC-EE'S Marks.

17.    Defendant's unauthorized use of the BUC-EE'S Marks constitutes counterfeiting, trademark infringement, false designation of origin, unfair competition, and unjust enrichment.

18.    Accordingly, Defendant's future trademarks, products, and services must remain a "safe distance" from those of Plaintiff. *See ADT, LLC v. Cap. Connect, Inc.*, 145 F. Supp. 3d 671, 701 (N.D. Tex. 2015) ("[A] competitive business once convicted of unfair competition . . . should thereafter be required to keep a safe distance away from the

margin line even if that requirement involves a handicap as compared with those who have not disqualified themselves.").

19.    An Order of this Court with the injunction set forth below is necessary to prevent Plaintiff from suffering irreparable injury to its business and substantial loss of goodwill and reputation.

NOW THEREFORE, the following is ORDERED:

(a)    Defendant, as well as its officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with them, now or in the future, is permanently enjoined and restrained from using the BUC-EE'S Marks and/or any other mark or name confusingly similar to the BUC-EE'S Marks, and from any attempt to retain any part of the goodwill misappropriated from Plaintiff, including but not limited to selling merchandise featuring the BUC-EE'S Marks;

(b)    Defendant, as well as its officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with them, now or in the future, is permanently enjoined and restrained from aiding, abetting, or contributing to any third-party's use of the BUC-EE's Marks or any other mark or name confusingly similar to the BUC-EE'S Marks;

(c)    Defendant, as well as its officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with them, now or in the future, is permanently enjoined and restrained from effecting any assignments or transfers, forming new entities, corporations, partnerships, or associations, or using any other device or person for the purpose of circumventing or otherwise avoiding the obligations set forth herein;

(d)     Defendant, as well as its officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with them, now or in the future, is required to deliver up and destroy all products, internet postings and advertisements, and any other materials bearing or using the BUC-EE'S Marks and/or any other mark or name that is confusingly similar to the BUC-EE'S Marks;

(e)     Defendant is ordered to file with this Court and to serve upon Plaintiff, within thirty (30) days after the entry and service of this injunction on Defendant, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

(f)     This Final Judgment is binding upon Plaintiff and Defendant, as well as their agents, heirs, successors, and assigns;

(g)     Plaintiff and Defendant bear their own attorneys' fees and costs;

(h)     This is a Final Judgment, and Plaintiff and Defendant hereby waive all rights to appeal from such Judgment;

(i)     This Court retains jurisdiction over this Final Judgment for the purpose of resolving any disputes arising from or under the terms of this Judgment, and any violation of this Order shall be punishable as a contempt of Court, in addition to any and all other remedies available at law or in equity; and

(j)     Should Defendant violate the terms of this Final Judgment, Defendant shall also be liable for its own, and Plaintiff's, attorneys' fees related to the enforcement of same.

IT IS SO ORDERED this ____ day of _____ 2026.